JULIE E. HOFER, #152185
jhofer@donahue.com
ANDREW S. MACKAY, #197074
amackay@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, Floor 25
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Plaintiffs
SITECORE CORPORATION A/S
and SITECORE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SITECORE CORPORATION A/S, a Denmark corporation, and SITECORE USA, INC., a Delaware corporation,

Plaintiffs,

v.

GROUPON, INC., a Delaware corporation,

Defendant.

CASE NO.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Federal Trademark Infringement;
2. False Designation of Origin;
3. Unfair Competition; and
4. Denial of Federal Registration of Trademark

**DEMAND FOR A JURY TRIAL**

Plaintiffs Sitecore Corporation A/S and Sitecore USA, Inc. (referred to collectively hereinafter as "Sitecore") state and allege as follows for their complaint against defendant Groupon, Inc., a Delaware corporation ("Defendant"). Sitecore brings this action to protect its registered trademark, OWN THE EXPERIENCE, and prevent continuing harm to Sitecore, as well as customer confusion based on Defendant's recent adoption and use of the identical trademark in connection with the same business customers.

## JURISDICTION AND VENUE

### Parties

1. Sitecore Corporation A/S is a corporation organized and existing under the laws of Denmark, with its principal place of business in Copenhagen, Denmark.

2. Sitecore USA, Inc. is: (a) a Delaware corporation with its principal place of business in Sausalito, California; and (b) the sole United States affiliate of and exclusive United States distributor for Sitecore Corporation A/S.

3. Upon information and belief, Groupon, Inc. is, and at all times relevant to this action was, a Delaware corporation, with its principal place of business in Chicago, Illinois, offices in California, including in this district, and doing business using the Internet and interstate mail.

### Jurisdiction

4. This case is a civil action arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"). This Court has subject matter jurisdiction over Sitecore's claims pursuant to 15 U.S.C. § 1114, *et seq*. (trademark infringement, false designation of origin, false or misleading description of fact, misrepresentation of fact, and unfair competition), 28 U.S.C. § 1331 (federal subject matter jurisdiction), and 28 U.S.C. § 1338(a) (trademark actions) and (b) (unfair competition claim joined with a substantial and related trademark claim).

5. This Court has personal jurisdiction over Defendant as Defendant has committed acts of trademark infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district such that the exercise of jurisdiction over

Defendant by this Court does not offend traditional notions of fair play and substantial justice. Moreover, upon information and belief, Defendant has offices in this district, has purposefully directed action to California and this district, or has otherwise availed itself of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play, substantial justice, and due process.

## Venue

6. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §§ 1391(b) because on information and belief, events or omissions giving rise to the claim occurred in this judicial district, and have caused damage to Sitecore in this district.

## Intradistrict Assignment

7. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

## GENERAL ALLEGATIONS

## Introduction

8. Sitecore is in the business of, and has made and continues to make substantial investments of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of software products and related business strategy and marketing analytical tools in connection with its Sitecore® Experience Platform™ (collectively, the "Sitecore Products").

9. Sitecore Products have been adopted around the globe by marketing teams, brand owners, and website operators to better promote their brands. Sitecore Products enable Sitecore's customers to measure, analyze, and manage consumer data related to consumer engagement and preference for products and services, in order for Sitecore's customers to enact effective marketing and advertising strategies. Sitecore has gained a worldwide reputation for quality and reliability respecting its software products and related business strategy and analytical tools.

10. Sitecore's customers include businesses and merchants who use Sitecore Products to: (a) build their consumer-facing websites, (b) engage in targeted, behavioral consumer

advertising and marketing activities; (c) orchestrate large-scale digital marketing campaigns for their products and services; (d) integrate web and mobile advertising; (e) affect consumer perception of their goods and services and increase the goodwill of their brand; and (f) maintain a relevant and effective marketing strategy.

11. Sitecore's customers use Sitecore's Products for business planning and management services, including to gather and process marketplace and advertising intelligence and data analytics regarding end consumers.

12. In connection with the Sitecore Products, Sitecore owns trademarks that are the subject of registration with the United States Patent and Trademark Office, including the OWN THE EXPERIENCE trademark.

13. Upon information and belief, Defendant is in the business of advertising, marketing, and selling its customers' products and services to end consumers. Defendant's customers include businesses and merchants who are in the business of selling consumer products and services. To increase consumer awareness of its customers' brands and increase its customers' business, Defendant advertises, markets, and sells coupons and discounted rates for its customers' goods and services through Defendant's website located at groupon.com.

14. Upon information and belief Defendant also collects, processes, and provides consumer data and marketplace data to its customers to better manage the customers' marketing strategy. In connection with Defendant's advertising and marketing services, Defendant also provides its customers with business planning and management services, as well as marketplace and advertising intelligence, including consumer data analytics, through its online Groupon Merchant® platform.

15. Upon information and belief, the Groupon Merchant® platform provides Defendant's customers access to Defendant's marketing software which facilitates the collection, processing, and provision of consumer data and marketplace data in connection with marketing and advertising strategy.

16. As Sitecore is the senior user of the OWN THE EXPERIENCE trademark by several years, Defendant's recent use of the identical trademark in advertising campaigns pitched

to Sitecore's customers and potential customers is likely to cause confusion. Sitecore's customers and potential customers may wrongly conclude that Defendant's use of Sitecore's trademark indicates that Defendant uses Sitecore's Products to provide services through its Groupon Merchant Platform, including regarding consumer data and analytics, as Defendant offers its customers several of the same services Sitecore provides to many of those same customers and potential customers.

17. Sitecore brings this litigation as a result of certain actions and omissions by Defendant consummated through advertising and sales conducted over the Internet, including via the websites accessible via the official Groupon website located at https://www.groupon.com/occasion/things-to-do-own-the-experience-shop, and via third party websites such as https://www.youtube.com/watch?v=JZkFmYrdn-A, other websites, (the "Websites"), through interstate commerce, and through television and radio.

18. Defendant's actions in connection with the OWN THE EXPERIENCE trademark have resulted in:

(a) Unauthorized use in commerce of Sitecore's trademark OWN THE EXPERIENCE, marks confusingly similar thereto, and/or reproductions, counterfeits, copies, or colorable imitations of Sitecore's trademark;

(b) Creation of a likelihood of confusion, mistake, and/or deception as to Defendant's supposed affiliation, connection, and/or association with Sitecore and the purported origin, sponsorship, and/or approval by Sitecore of Defendant's goods, services, and activities, and

(c) Creation of a likelihood of confusion, mistake, and/or deception as to Defendant's own use or incorporation of Sitecore Products in connection with Defendant's own goods and services where in fact, there is none, or Defendant's ability or authorization, where there is none, to provide Sitecore Products, or the services rendered by Sitecore Products, to others.

19. Defendant's unauthorized use of Sitecore's trademark, or marks confusingly similar thereto, in connection with consumer advertising and marketing services has caused and

continues to cause significant harm to Sitecore, undermines Sitecore's investments in its products, diminishes Sitecore's goodwill, and causes harm to customers who have been and continue to be falsely led to believe they are acquiring marketing services derived from legitimate Sitecore Products.

20. Defendant's acts and omissions alleged herein were and continue to be undertaken willfully, intentionally, and maliciously and have caused and continue to cause substantial damage to Sitecore. As prayed for below, Sitecore respectfully requests that the Court enter an injunction against Defendant and award Sitecore damages, costs, and attorneys' fees as allowed by statute.

**Sitecore's Trademarks**

21. At all relevant times, Sitecore has owned trademarks, including without limitation OWN THE EXPERIENCE® (the "Sitecore Trademark"), registered in accordance with the Lanham Act with the United States Patent and Trademark Office for which Sitecore received Certificates of Registration in three categories of goods and services. (Reg. No. 4542438 registered on June 3, 2014; Reg. No. 4546698 registered on June 10, 2014; and Reg. No. 4546699 registered on June 10, 2014, collectively referred to herein as the "Sitecore Registrations".)

22. Sitecore's registration of the OWN THE EXPERIENCE mark in 2014 was intended to transition Sitecore from an IT-focused company to a strong marketing-focused brand. "Own the Experience" describes how Sitecore differentiates itself from its competitors, and tells the story of Sitecore's product in one punch: Sitecore's product builds websites, markets content, analyzes consumption of that content, and predicts end consumer behavior – the whole user experience – all on behalf of Sitecore's customers. "Experience" highlights the fact that Sitecore is a thought leader and technology leader in giving control to marketers over the entire user experience across all of their marketing initiatives. "Own" refers to the empowerment marketers have. Sitecore want its customers to own the entire marketing experience.

23. Sitecore has continuously used the Sitecore Trademark from the date of registration thereof, or earlier, until the present and at all times relevant to the claims alleged herein. As a result of extensive use, advertising, and sales, together with longstanding consumer

acceptance, the Sitecore Trademark identifies to consumers and the public that Sitecore is the source of origin for marketing campaigns and data analytics related to the Sitecore Products. Throughout the United States and the world, the Sitecore Trademark has acquired secondary meaning in the minds of consumers using Sitecore Products or similar products and services who associate the Sitecore Trademark with Sitecore and its quality consumer marketing and consumer data analytics products. By virtue of Sitecore's widespread advertising and distribution of the Sitecore Products in connection with the Sitecore Trademark, together with consumer acceptance and recognition, the Sitecore Trademark identifies Sitecore and the Sitecore Products and distinguishes the same from, respectively, other entities and individuals and their products. The Sitecore Trademark has become, and is, a valuable asset symbolizing Sitecore, its quality goods and its goodwill.

24. Sitecore has never authorized Defendant to use the Sitecore Trademark, any mark confusingly similar thereto, or any reproduction, counterfeit, copy, or colorable imitation thereof.

**<u>The Business And Infringing Activities Of Defendant</u>**

25. Upon information and belief, without Sitecore's authorization, Defendant and/or its agent has:

(a) Used in commerce the Sitecore Trademark;

(b) Used in commerce the Sitecore Trademark in connection with the Groupon Merchant® platform;

(b) Filed a trademark application for an identical mark, OWN THE EXPERIENCE, with the United States Patent and Trademark Office on May 13, 2016 for the same or related services as Sitecore provides using the Sitecore Trademark;

(c) Used various websites, television, radio, and interstate commerce to advertise and sell goods and services utilizing the Sitecore Trademark to consumers throughout the United States, including in California and in this district;

(d) Created a likelihood of and/or actual confusion, mistake, and/or deception as to Defendant's supposed (but non-existent) affiliation, connection, and/or approval by

Sitecore of Defendant's use of the Sitecore Trademark in connection with Defendant's consumer advertising and marketing activities; and

(e) Created a misleading description of fact by Defendant's use of the Sitecore Trademark in its commercial advertising, which falsely misrepresents the nature, characteristics, or qualities of Defendant's services by falsely suggesting that Defendant's marketing services are supported by, or used in connection with, Sitecore Products, and/or falsely suggesting that Defendant is authorized to provide Sitecore Products, or the services rendered by Sitecore Products, to others.

26. Upon information and belief, Defendant has had actual notice of Sitecore's trademark rights and Defendant's infringement of Sitecore's trademark rights since at least July 1, 2016 when Sitecore contacted Defendant through counsel. Upon information and belief, Defendant has had constructive notice since at least May 13, 2016, when Defendant's trademark counsel, who had previously prosecuted and registered the Sitecore Trademark, submitted an application with the United States Patent and Trademark Office to register the exact same mark, for the same or related services, for Defendant. Despite Defendant's knowledge of infringement, Defendant continues to infringe the Sitecore Trademark and continues to seek Federal registration of an identical trademark used in connection with the same or related services.

27. Sitecore attempted to resolve this matter with Defendant since learning of Defendant's wrongful use of the Sitecore Trademark, and Defendant's filing of the application for registration with USPTO. Defendant led Sitecore to believe that it would cooperate in resolving the matter. Defendant also stated that the campaign using the Sitecore Trademark would "run throughout the remainder of the year [i.e., 2016]." Nevertheless, Defendant continues to engage in the unauthorized use of the Sitecore Trademark, causing harm to Sitecore and confusion. To prevent further harm and confusion from Defendant's wrongful acts, Sitecore has had to file a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board [Opposition No. 91231869] and now commence this litigation.

28. Upon information and belief, Defendant has willfully, intentionally, and maliciously engaged in the acts and omissions alleged herein without regard to Sitecore's proprietary rights.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement Under The Lanham Act,
15 U.S.C §§ 1114(1) and 1125(a)**

29. Sitecore re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 28 above as though fully set forth.

30. Sitecore, as the owner of all right, title, and interest in and to the Sitecore Trademark and Sitecore Registrations, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

31. Defendant's unauthorized use of the OWN THE EXPERIENCE mark is confusingly similar to the use of Sitecore's identical OWN THE EXPERIENCE mark. The use by Sitecore, on the one hand, and by Defendant, on the other hand, is aimed at the same class of customer, namely businesses, merchants, and vendors in the business of consumer goods and services. Upon information and belief there is significant overlap between Sitecore's customers and Groupon's customers.

32. Defendant's unauthorized use of the OWN THE EXPERIENCE mark is likely to cause confusion, to cause mistake, or to deceive customers into falsely believing that Defendant's business and its services are related to Sitecore's business and services, and/or that Defendant's business and services are in some way sponsored by or connected or affiliated with Sitecore or Sitecore's services within the meaning of 15 U.S.C. §§ 1114(1) and 1125(a).

33. Defendant's unauthorized use of the OWN THE EXPERIENCE mark in Defendant's commercial advertising misrepresents the nature, characteristics, or qualities of Defendant's services by creating a false or misleading representation that Defendant's services are supported by, based on, integrated with, or somehow otherwise affiliated with Sitecore's services, within the meaning of 15 U.S.C. §§ 1114(1) and 1125(a).

34. Upon information and belief, Defendant knew, or should have known, of Sitecore's rights to the OWN THE EXPERIENCE mark, and that Defendant's unauthorized adoption and continued use of Sitecore's OWN THE EXPERIENCE mark was knowing, willful, deliberate, and done with the intention of trading upon the goodwill built up by Sitecore. Defendant's actions and omissions make this an exceptional case within the meaning of 15 U.S.C. § 1117.

35. Defendant's unauthorized use of the OWN THE EXPERIENCE mark has caused, and unless restrained and enjoined by this Court, will continue to cause, substantial, immediate, and irreparable injury to Sitecore's business, reputation, and goodwill for which Sitecore is without an adequate remedy at law. Sitecore is therefore entitled to injunctive relief as against Defendant in connection with said unauthorized use.

36. As a direct and proximate result of Defendant's unauthorized adoption and continued use of Sitecore's OWN THE EXPERIENCE mark, Sitecore has suffered and is continuing to suffer injury, loss, and damages in an amount to be proven at trial. Based on such conduct, Sitecore is entitled to injunctive relief, monetary damages, and other remedies provided by Sections 1116, 1117, and 1118 of the Lanham Act, including Defendant's profits, reasonable attorneys' fees and costs.

WHEREFORE, Sitecore seeks relief as set forth below.

## SECOND CLAIM FOR RELIEF

### False Designation Of Origin Under The Lanham Act, and False Or Misleading Description Of Fact Under The Lanham Act, 15 U.S.C. § 1125(a)

37. Sitecore re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 36 above as though fully set forth.

38. The OWN THE EXPERIENCE mark is a valid, protectable mark owned by Sitecore, and it is known as a source indicator for Sitecore's products and services.

39. Defendant's unauthorized use of the OWN THE EXPERIENCE mark constitutes false designation of origin, false or misleading description, and/or false or misleading representation of fact. Defendant's unauthorized use of the OWN THE EXPERIENCE mark so

resembles Sitecore's identical OWN THE EXPERIENCE mark used in connection with the same or related services as to be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Sitecore, and as to its origin, sponsorship or approval of Defendant's services and other commercial activity within the meaning of 15 U.S.C. § 1125(a).

40. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Sitecore's rights in its OWN THE EXPERIENCE mark in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41. Upon information and belief, Defendant knew, or should have known, of Sitecore's rights, and Defendant's false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

42. Defendant's unauthorized use of OWN THE EXPERIENCE has caused, and unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Sitecore's business, reputation, and goodwill for which it is without an adequate remedy at law.

43. As a direct and proximate result of Defendant's unauthorized adoption and continued use of Sitecore's OWN THE EXPERIENCE mark, Sitecore has suffered and is continuing to suffer injury, loss, and damages in an amount to be proven at trial. Based on such conduct, Sitecore is entitled to injunctive relief, monetary damages, and other remedies provided by Sections 1116, 1117, and 1118 of the Lanham Act, including Defendant's profits, reasonable attorneys' fees, and costs.

WHEREFORE, Sitecore seeks relief as set forth below.

## THIRD CLAIM FOR RELIEF

### Unfair Competition Under California Common Law and California Business & Professionals Code §17200, *et seq.*)

44. Sitecore re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 43 above as though fully set forth.

45. Defendant's unauthorized and continued use of the confusingly similar OWN THE EXPERIENCE mark in connection with consumer marketing services constitutes unfair, untrue or misleading advertising in violation of California common law and California Business and Professions Code § 17200 et seq.

46. By virtue of the wrongful acts alleged herein, Defendant engaged in, and continues to engage in unfair, untrue or misleading advertising against Sitecore in violation of California Business and Professions Code § 17200 et seq.

47. Defendant's unauthorized use of OWN THE EXPERIENCE has caused, and unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Sitecore's business, reputation, and goodwill.

48. In addition, as a direct and proximate result of Defendant's unauthorized adoption and continued use of Sitecore's OWN THE EXPERIENCE mark, Sitecore has suffered and is continuing to suffer injury, loss and damages in an amount according to proof. Defendant, meanwhile, has unfairly benefitted from its wrongful conduct. Based on such conduct, Sitecore is entitled to remedies available under California Business and Professions Code § 17200, including but not limited to, injunctive relief and restoration of money acquired by Defendant's wrongful conduct.

WHEREFORE, Sitecore seeks relief as set forth below.

## FOURTH CLAIM FOR RELIEF

### Denial of Federal Registration of Mark in USPTO Application Serial Number 87/036,827

49. Sitecore re-alleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 48 above as though fully set forth.

50. Sitecore is the owner of the trademark, OWN THE EXPERIENCE, which has been registered on the Principal Register of the United States Patent & Trademark Office in Classes 9, 41 and 42, as is evidenced by registration numbers 4,546,698, 4,542,438, and 4,546,699, registered respectively on June 10, 2014, June 3, 2014 and June 10, 2014.

51. Defendant has filed an application seeking to register the identical OWN THE EXPERIENCE mark for "Promoting the goods and services of others" in Class 35, as is evidenced by the publication of Application Serial No. 87/036,827 in the Official Gazette on August 23, 2016.

52. If Defendant's OWN THE EXPERIENCE application in Class 35 matures to registration, Sitecore will be damaged in that consumers will confuse the identical marks as used by Sitecore and Defendant. In addition, Defendant's use of the mark will dilute the goodwill and consumer recognition developed by Sitecore through use of its registered mark. This will cause great expense and detriment to Sitecore, and thus, registration of Applicant's mark in Application Serial No. 87/036,827, should be denied.

## PRAYER FOR RELIEF

WHEREFORE, Sitecore seeks relief as follows:

1. That, upon motion, the Court issue a permanent injunction enjoining and restraining Defendant, and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendant or affiliated with Defendant, from:

(a) Using the OWN THE EXPERIENCE mark, or any trademark or service mark that is confusingly similar to the OWN THE EXPERIENCE mark, as the whole or any part of a business activity in connection with marketing services or any services related thereto;

(b) Using the OWN THE EXPERIENCE mark, or any trademark or service mark that is confusingly similar to the OWN THE EXPERIENCE mark, in connection with the advertising, sale, or promotion of marketing services or any services related thereto;

(c) Holding out in any manner whatsoever that Defendant or Defendant's goods and/or services are in any way sponsored by, associated with, connected to, or affiliated with Sitecore or Sitecore's services;

2. That Defendant be required to make an accounting to Sitecore and be directed to pay over to Sitecore all gains, profits, and advantages realized by Defendant from the

advertisement and/or sale of goods and/or services bearing the infringing designation, pursuant to 15 U.S.C. § 1117 and California Business & Professionals Code § 17200 *et seq.*;

3. That the Court order Defendant's pending trademark application, serial number 87036827, with the United States Patent and Trademark Office for the mark OWN THE EXPERIENCE be denied registration;

4. That Defendant be required to pay to Sitecore all damages suffered by Sitecore, pursuant to 15 U.S.C. § 1117;

5. That Defendant be directed to pay Sitecore's reasonable attorneys' fees and all costs connected with this action, pursuant to 15 U.S.C. § § 1117(a)(3);

6. That Sitecore be awarded for Defendant's willful, intentional, and malicious trademark infringement, false designations of origin, false descriptions, misrepresentation of fact, and unfair competition, as set forth in 15 U.S.C. § 1117(a), the profits obtained by Defendant and the damages sustained by Sitecore by reason of Defendant's acts and omissions alleged herein;

7. That the Court issue an order upon entry of judgment in this action requiring the destruction, as set forth by the Lanham Act, 15 U.S.C. § 1118, of: (i) all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing any of Sitecore's registered trademarks; (ii) any materials containing false designations of origin, false descriptions, or misrepresentations of fact concerning Sitecore's products or services, or Defendant's products or services; (iii) any materials bearing any reproduction, counterfeit, copy, or colorable imitation of Sitecore's registered trademarks; and (iv) all plates, molds, matrices, and other means of making the same;

8. That the Court issue an order requiring Defendant to serve on Sitecore, within thirty (30) days after issuance of the injunction requested above, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

///

///

///

9. That the Court award Sitecore its costs of suit incurred herein; and that the Court grant such other and further relief as it deems just and proper.

Dated: April 5, 2017

DONAHUE FITZGERALD LLP

By: *[signature]*

Julie E. Hofer
Attorneys for Plaintiffs
SITECORE CORPORATION A/S and
Sitecore USA, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sitecore demands a trial by jury of this action.

Respectfully submitted,

Dated: April 5, 2017

DONAHUE FITZGERALD LLP

By: [signature]
Julie E. Hofer
Attorneys for Plaintiffs
SITECORE CORPORATION A/S and
Sitecore USA, Inc.